### THE STATE OF MINNESOTA, Respondent, *vs.* MARK T. BOYLSON, Appellant.

#### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The chapter of the Revised Statutes providing that "where the offence involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material," applies only to cases where an injury to a private person, or an intent to injure or defraud some private person or body corporate, is involved in the *description* of the offence, and which it becomes necessary to allege, unless otherwise provided by statute, but not material to be proved as alleged; but does not apply to cases involving the commission or attempt to commit injuries to the person.

Upon an indictment for assault against A, it was error to charge the jury that it was sufficient for them to "find that the assault laid in the indictment, or a mere assault, was committed upon either A or B by Defendant." The charge could only be sustained by proof of an assault committed by Defendant upon the person named in the indictment.

The Defendant was indicted for an assault with intent to kill, &c., upon one Capt. Morton. The indictment described the

offence simply as committed with a pistol on Capt. Morton. There is no other description of the offence.

The evidence showed an assault, &c., on one Toleton,—or, at best, left it doubtful whether the assault was committed on said Toleton or Morton.

The Counsel for Defendant requested the Court to charge that if the jury believed that the Defendant assaulted, &c., Toleton, and not Morton, he could not be convicted. The Court refused so to charge, and Defendant excepted.

The Court then charged that if the jury believed the Defendant committed an assault on either Morton or Toleton, they should convict—to which Defendant then and there excepted.

The jury found the Defendant guilty of the assault, but not of the intent. The Defendant appeals.

The following are the points and authorities relied upon by the Counsel for the Appellant:

The charge given to the jury in this case by the Court below that it was immaterial whether the assault alleged in the indictment was committed upon Morton, the person referred to therein, or upon Toleton, was correct.

The variance which the jury might have found between the proof and the indictment as to the party intended to be injured, was a variance in a matter not constituting an ingredient of the offence, and not prejudicing the Defendant, and this variance, although fatal at common law, is an immaterial variance under certain provisions of our statutes, which were enacted to prevent the failure of justice in a case through a legal technicality, when the jury are satisfied of the commission of the *crime* charged. See opinion of Judge Palmer upon this case in the Court below.

*First.*—Such a variance between the proof and the indictment is made immaterial by *Sec.* 73, *Chap.* 105, *page* 760 *of Collated Stats. of Minn.*, which provides that "when the offence involves the commission of or attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

1. This offence clearly involves an offence to commit a private injury.

2. The act is sufficiently identified *aliunde* the name of the person intended to be injured.

The *time* when, the place where, and the manner in which the assault was committed, are stated, viz: at St. Paul, on the 30th day of July, A. D. 1859, with a pistol loaded with powder and lead.

The fact that an indictment containing these particulars may entirely omit the name of the person injured, or intended to be injured, at common law where such person is unknown, and under our statute whether he is unknown or not, shows that these particulars sufficiently identify the act. *See* 2 *Hale's Pleas of the Crown,* 181; *Barbour Crim. Law,* 328; *Sec.* 69, *p.* 759, *Stat. Min.*; *Sec.* 76, *p.* 759, *Stat. Min.*

*Second.*—The verdict in this case cannot be affected by any defects in the proceedings, which have not tended to the prejudice of the substantial rights of the Defendant upon the merits. *See Sec.* 77, *p.* 760, *Stat. Min.*

The Defendant could only be prejudiced in two ways:

1. By not knowing from the indictment what matters might be introduced in evidence against him.

2. That he might not be able to show a conviction of this assault in bar to an indictment for an assault upon Toleton.

In regard to the first point, it clearly appears from the testimony that he must have known what act was referred to in the indictment.

In regard to the second point, this indictment might be introduced upon a plea of former conviction to an indictment for an assault upon Toleton, and extrinsic evidence to show that it was the same assault. Objection could not be made as at common law, to the admissibility of this indictment, upon the ground that it stated an assault upon a different person, because the statute allowing proof of an assault upon a different person under such an indictment, has done away with the reason existing at common law for such an objection, and has also furnished a reason why it should not be made.

State of Minnesota *v.* Boylson.

The following are the points and authorities relied upon by the Counsel for Respondent:

*First.*—At common law description was the most material part of an indictment, and the least variance between the allegation and the proof was fatal. 1 *Russell on Crimes*, 555, 759, 767; 3 *Denio*, 91; 1 *John.* 320; 5 *Hill*, 401; *American Crim. Law*, 4th ed., *Sec.* 631,—title, *descriptive averments and variance; Barb. Crim. Law*—An indictment for stealing a woolen shirt is not sustained by proof of stealing one partly wool and partly cotton. *Ros. Crim. Evidence*, 93, 94, 95, 96, 97, 98 *to* 100; 4 *Ohio*, 300; 2 *Dana*, 298; 1 *Phillips on Evidence*, 3d ed., 506.

The directions of the Judge, then, would be at common law most clearly error. And the statute (*Rev. Stat.*, 547, *Sec.* 73) does not mend the error.

The reasoning of the Court below in his decisions that an evil disposed person might so lay his plans as to leave it doubtful which of two or several persons he intended to assault, is not sound: because—

1. The Court can only administer law as it is, not legislate.

2. The prosecution could, under the statute, describe the offence "with sufficient certainty in other respects," and thus easily avoid that objection.

3. It is generally easy to find the person actually assaulted, and if the Defendant should break other heads, he would gain nothing by it.

4. The Judge has evidently overlooked the words in the statute, "with sufficient certainty in other respects."

5. The statute altering the common law must be construed strictly.

I. V. D. HEARD, Counsel for the State.

W. H. PECKHAM, Counsel for Appellant.

*By the Court*—EMMETT, C. J. This case simply involves the construction of *Sec.* 73 *of Chap.* 119 *of the Statutes of* 1851, which is in the words following:

"Sec. 73. Where the offence involves the commission of or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

We regard this section rather as declaratory of the old law, than as establishing a new rule on the subject, and as applying only to cases where an injury to a private person, or an intent to injure or defraud some private person or body corporate is involved in the *description* of the offence, and which it becomes therefore necessary to allege, unless otherwise provided by statute, but not material to be proved as alleged. To such crimes for example as willfully casting away, burning, sinking or otherwise destroying any ship, boat or vessel, *with intent to injure or defraud the owner, or insurer thereof, or of any property on board*, (*Sec.* 35, *Chap.* 101, *Stat.* 1851;) so also the lading, equipping or fitting out of such boat or vessel, with intent thus to destroy it, *to the injury* of such owner or insurer, (*Ibid. Sec.* 36;) the making out of false invoices of cargoes by ship owners, or of false affidavits, or protests with the like intent, (*Ibid. Sec.* 37, 38,) and most crimes involving the malicious injury or destruction of private property; so also the crimes of forgery and uttering forged records, certificates of officers, notes, bills, bonds, deeds, &c., *with intent to injure or defraud any person. Ibid. Sec.* 1, 2 *and* 3, *Chap.* 102. In all these and in many other offences not necessary to enumerate here, it will be seen that the statute makes the injury to, or the intent to injure or defraud some person a part of the description of, and an ingredient necessary to constitute the offence. In every such case therefore, the indictment must name the person or body corporate injured or intended to be injured, except when the statute expressly dispenses with the allegation. It was not however, even before the passage of our statute, necessary to prove the injury, or the intent to injure or defraud, exactly as alleged in the indictment, for if the crime were committed with a malicious or felonious intent, it mattered very little who was the particular person injured, or intended to be injured. The willful

destruction of a vessel, or the felonious forgery or uttering of a note or bill is the real gist of the offence, whether A or B was injured thereby, or whichsoever the criminal intended should suffer by his act. The crime would be described with certainty sufficient to identify the act without reference to the particular person injured or intended to be injured. That at a certain time and place the Defendant willfully and feloniously burned a certain vessel, or forged and counterfeited a certain note or bill of exchange, is all that is really important, and all that the State is interested in ascertaing and punishing. Whenever these facts are proven the *gravamen* of the offence charged is established, and it is really of little importance who may prove to be the person injured or intended to be injured. An erroneous allegation therefore in this respect is not material, and our statute but declares what has long been recognized as the rule on the subject.

This view is greatly strengthened by an examination of the chapter in which this section occurs, where it will be found that of the twenty or more sections composing the chapter, two thirds at least are used to state rules and propositions perfectly familiar to every criminal lawyer, and even where, in the remaining sections, there is a departure from an established rule, it is not a radical change, but rather a modification, in conformity with modern decisions, so that indeed almost the whole chapter may, to a certain degree, be considered as declaratory only.

The learned Judge, in the belief, as we gather from his opinion, that the section under consideration was designed to meet and overcome some difficulty in the administration of criminal law, gave it too extended an application. The term "private injury" must not be confounded with "personal injury," for although every injury to the person is in one sense a private injury, yet in our opinion the term is not used in this section, in so general a sense, but is limited and applicable only to injuries to private property, or such as are distinguishable from injuries to 'the person. If the section is to receive the construction given in the Court below, and the term private injury is not limited as above, but extends to and

includes all injuries to the person, then it would apply, if not to almost every crime known to the law, certainly to all offences against the lives and property of individuals, from murder down to simple assault, because they all involve an injury to the person, and hence a private injury. And if the section is applicable to such cases, it follows that not only an erroneous allegation as to the person assaulted or beaten, but even as to the person robbed or maimed, or ravished or murdered is immaterial, if only it be proven that the crime charged was committed against somebody. This would enable the State to convict a person charged with the murder or robbery of A by proof that he committed the offence as against B. Such a state of affairs could not be tolerated, and we cannot believe that the Legislature ever intended so dangerous a departure from correct and established principles.

In this case the charge could be sustained only by proof that the assault was committed by the Defendant upon the person named in the indictment. The refusal of the Judge so to charge, and his charge to the jury that it was sufficient for them to "find that the assault laid in the indictment, or a mere assault was committed upon either Morton or Toleton, by Defendant," was erroneous, and a new trial must be awarded.